IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02828-WJM-MEH

SHAWN MORRIS,

    Plaintiff,

v.

BILLY ATHA, Hearings Officer, Buena Vista Correctional Complex,

    Defendant.

---

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
---

**Michael E. Hegarty, United States Magistrate Judge**.

    Defendant seeks to dismiss this case, which alleges claims based on the Federal and Colorado constitutions and state tort law. Plaintiff did not file a response to Defendant's motion. I recommend finding that Plaintiff fails to allege a due process claim against Defendant in his official or individual capacity. I then recommend declining to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

## BACKGROUND

**I.    Facts**

    The following are factual allegations (as opposed to legal conclusions, bare assertions, or merely conclusory allegations) made by Plaintiff in his Amended Complaint, which I take as true for analysis under Fed. R. Civ. P. 12(b)(1) pursuant to *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) and under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

    Plaintiff is incarcerated at the Buena Vista Correctional Facility ("BVCF"), which is part of

the Colorado Department of Corrections ("CDOC"). Am. Compl. 4, ECF No. 6. After a disciplinary hearing at the BVCF on March 20, 2017, Defendant found Plaintiff guilty of fighting and possession of dangerous contraband. *Id.* Defendant imposed $341.00 in restitution due to "staff exposure to blood and replacement of O.C." *Id.* at 4–5. Defendant did not state that he was imposing restitution on the record; however, he included the sanction in the post-hearing "write-up." *Id.* at 4.

## II. Procedural History

Based on these factual allegations, Plaintiff filed his Amended Complaint on December 26, 2017. Am. Compl., ECF No. 6. Plaintiff's first cause of action alleges Defendant violated his right to procedural due process by not explaining the restitution at the disciplinary hearing. *Id.* at 4. Additionally, Plaintiff claims Defendant's conduct violated CDOC procedure. *Id.* Plaintiff's first claim also asserts a violation of Article II, Section 16 of the Colorado Constitution. *Id.* In his second cause of action, Plaintiff alleges Defendant is liable for theft and fraud. *Id.* at 5.

On March 30, 2018, Defendant filed the present Motion to Dismiss, ECF No. 15. Defendant contends Plaintiff's first cause of action fails to state a claim, because no clearly established law grants prisoners a right to have disciplinary sanctions stated orally on the record. *Id.* at 5–6. Further, Defendant argues the CDOC policy does not create a due process right, any procedural error was harmless in light of the written decision, and Plaintiff has an alternative remedy available under state law. *Id.* at 6–11. Regarding Plaintiff's second claim, Defendant asserts the Court should decline to exercise supplemental jurisdiction and the Colorado Governmental Immunity Act bars this claims. *Id.* at 11–15.

At an April 3, 2018 Scheduling Conference, I granted Plaintiff until May 1, 2018 to file a

response brief. ECF No. 17. Plaintiff failed to respond to Defendant's motion.

**LEGAL STANDARDS**

**I.      Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679–80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kan. Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

3

## II.  Dismissal of a Pro Se Plaintiff's Complaint

A federal court must construe a pro se plaintiff's pleadings "liberally" and hold the pleadings "to a less stringent standard than formal pleadings filed by lawyers." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). "[The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Id.* (citing *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)). The Tenth Circuit interpreted this rule to mean:

> [I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded.").

## ANALYSIS

I address Plaintiff's due process cause of action first, as it is his only federal claim. I recommend holding that Plaintiff fails to allege a due process violation. Then, I recommend declining to exercise supplemental jurisdiction over Plaintiff's state law claims.

## I.  Procedural Due Process Violation

Plaintiff alleges Defendant violated his procedural due process right by not stating on the

4

record the amount of restitution imposed.[1]  Compl. 4, ECF No. 6.  It is not clear whether Plaintiff alleges this alone constituted a lack of adequate process or whether Plaintiff also contends he did not receive adequate notice of the potential for restitution.  Because Plaintiff proceeds pro se, I construe his claim liberally, and I will address both of these potential allegations.  Further, I will assume without deciding that Plaintiff has a protected property interest in his prison account funds.[2]  Thus, the only issue I analyze is whether Defendant provided Plaintiff constitutionally sufficient process.

The procedural component of the Due Process Clause entitles prisoners to certain protections during disciplinary proceedings.  *See, e.g.*, *Mitchell v. Maynard*, 80 F.3d 1433, 1444–45 (10th Cir. 1996).  Specifically, an inmate must receive "(1) advance written notice of the disciplinary charges; (2) an opportunity . . . to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action."  *Superintendent Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974)).  Additionally, "the findings of the prison disciplinary board [must be] supported by some evidence in the record."  *Id.*

---

[1] I assume for purposes of this recommendation that Plaintiff sues Defendant in his official and individual capacities.

[2] The Tenth Circuit has held that no clearly established law recognizes a protected property interest in prison account funds.  *Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010).  Although this is sufficient to dismiss Plaintiff's individual capacity claim, it does not permit dismissal of the official capacity claim.  However, because I find that Defendant provided Plaintiff all the process he was due, I need not determine whether Plaintiff had a protected property interest in his prison account funds.  *See Tenison v. Morgan*, 508 F. App'x 824, 826 n.2 (10th Cir. 2013) (unpublished) ("Because we conclude [the plaintiff] cannot state a procedural due process claim because he received adequate notice of the restitution sanction, it is not necessary to resolve the more difficult question of whether he has a property interest in his Oklahoma prison trust fund account.").

Defendant's failure to state on the record the restitution imposed did not violate Plaintiff's right to procedural due process. Although due process mandates a written statement explaining the reasons for the disciplinary action, Plaintiff acknowledges that Defendant complied with this requirement. Am. Compl. 4 ("The amount of $341.00 for restitution was stated in the disciplinary write-up."). Nothing in *Wolff* or its progeny suggest that a prison official violates the Due Process Clause by not reading disciplinary sanctions into the record.

Plaintiff seems to assert that a CDOC policy created a procedural right to have his restitution stated at the disciplinary hearing. *Id.* at 4. I disagree. The policy to which Plaintiff cites (Administrative Regulation 150-01) provides, "If an offender is found guilty of an offense, the hearing officer or board will state on the record, and in the written decision, all reasons for the decision and for the penalty imposed." ECF No. 15-1, at 19. Even construing this policy as imposing an obligation to explain on the record the restitution imposed, failing to comply with this requirement would not give rise to a constitutional violation. As the Honorable Philip A. Brimmer explained in *Buhl v. Berkebile*,

> [V]iolations of statutes, rules or regulations that require certain procedures which are not compelled by the Federal Constitution do not make out a constitutional claim. To put it another way, [prison] regulations can provide more protection than the Constitution requires, but the regulations do not raise the standard of constitutional due process. Consequently, failure to follow [prison] regulations does not, in and of itself, result in a violation of due process.

No. 14-cv-02029-PAB, 2015 WL 3413259, at *5 (D. Colo. May 27, 2015). Thus, Defendant's failure to follow the CDOC policy does not, by itself, result in an constitutional violation.

The Tenth Circuit's decision in *Wilson v. Ramsey* supports my finding. 10 F.3d 810 (10th Cir. Nov. 19, 1993) (Table). The plaintiff alleged the defendant denied him due process by violating a prison policy that required the disciplinary chairperson to "1) set forth in detail the evidence relied

6

on at the hearing, and 2) state why the reporting officer's statement was believed over [the plaintiff's] contentions of innocence." *Id.* at *1. The court affirmed the dismissal of the plaintiff's claim. *Id.* at *2. According to the court, "[p]rison disciplinary procedure may require more, but violation of that policy does not, by itself, result in a constitutional violation." *Id.* Similarly, CDOC policy may require that Defendant read sanctions at disciplinary hearings, but a mere violation of that policy does not give rise to a due process claim.

Construing Plaintiff's Amended Complaint liberally, he may also contend he received inadequate notice of the potential for sanctions. However, the Tenth Circuit has held, albeit in an unpublished decision, that "notice of potential penalties is not one of the requirements of due process." *White v. Golder*, 245 F. App'x 763, 764 (10th Cir. 2007) (unpublished). Thus, even assuming Plaintiff alleges he was not given advance notice of the potential for restitution, he fails to state a claim.

Even if Plaintiff had stated a constitutional violation, Defendant would be entitled to qualified immunity over his individual capacity claim. Qualified immunity protects a public official whose violation of a plaintiff's civil rights was not clearly established at the time of the official's actions. *See, e.g.*, *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Far from clearly establishing a constitutional violation, relevant Tenth Circuit authority demonstrates the opposite. *See Wilson*, 10 F.3d 810 at *2 ("Prison disciplinary procedure may require more, but violation of that policy does not, by itself, result in a constitutional violation."); *Freeman v. Carroll*, 506 F. App'x 694, 703 (10th Cir. 2012) (unpublished) ("No federal circuit court has recognized a right to notice of penalties in prison disciplinary hearings."). Thus, in addition to not pleading a constitutional violation, which requires dismissal of his official and individual capacity claims, Plaintiff fails to point to clearly

7

established law supporting his individual capacity claim.

## II. Supplemental Jurisdiction Over the Remaining State Law Claims

The final sentence of Plaintiff's first cause of action alleges that Defendant violated Article II, Section 16 of the Colorado Constitution, which provides rights for defendants in criminal prosecutions. Am. Compl. 4, ECF No. 6. Additionally, Plaintiff's second cause of action alleges state tort claims for theft and fraud. *Id.* at 5. Because I recommend dismissing Plaintiff's sole federal claim, I must analyze my jurisdiction to decide these state law claims.

As an initial matter, neither party has alleged that this Court has diversity jurisdiction over this case. Considering that Defendant is employed in Colorado, it is unlikely that complete diversity exists among the parties. Therefore, I may analyze the merits of Plaintiff's state law claims only if it would be proper to exercise pendent supplemental jurisdiction.

A district court has discretion to exercise pendent jurisdiction over a claim when it "has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."). In exercising its discretion, a district court should consider "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims. . . ." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). Absent a showing that the parties have expended a great deal of time and energy, "a district court should normally dismiss supplemental state law claims after all federal claims have been dismissed." *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002); *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995) ("[T]he most

common response to a pretrial disposition of federal claims has been to dismiss the state law claim or claims without prejudice . . . .").

Based on these principles, I recommend declining to exercise supplemental jurisdiction over Plaintiff's state law claims. The remaining claims involve a state prisoner suing a state official for violations of state law. Thus, the circumstances of the case and the nature of the claims favor allowing Colorado courts to resolve the dispute. Furthermore, because this case is at the motion to dismiss stage and I stayed discovery, the parties have not expended a great deal of time and energy. Accordingly, a balance of the factors does not favor retaining jurisdiction over the remaining state law claims. Indeed, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). I recommend dismissing without prejudice Plaintiff's state law claims.

## **CONCLUSION**

I recommend dismissing Plaintiff's constitutional claim and declining to exercise pendent supplemental jurisdiction over his remaining state law claims. Even assuming Plaintiff has a protected property interest in his prison funds, he fails to allege Defendant provided him inadequate process at the disciplinary hearing. Accordingly, I recommend that Defendant's Motion to Dismiss [filed March 30, 2018; ECF No. 15] be **granted**.[3]

---

[3] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections

9

Entered and dated at Denver, Colorado, this 19th day of July, 2018.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kan. Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).